## WILLIAMS vs. THE STATE OF GEORGIA.

BLECKLEY, C. J.—1. An indictment for the larceny of a watch after
trust, which charges that the watch was entrusted to the accused
for the purpose of applying the same for the benefit of the owner,
and to have the same mended and to be returned to the owner in
a few days, is sufficiently specific as to the object of the bailment
and the benefit contemplated.
2. The evidence warranted the verdict.
Judgment affirmed.
March 1, 1889.

Criminal law.    Larceny after trust.    Indictment.
Bailments.    Evidence.    Verdict.    New trial.    Before
Judge FORT.    Sumter superior court.    April term, 1888.

The indictment charged that Isaac Williams, on July
16, 1887, " having been entrusted with a double-case
silver watch, of the value of twenty dollars, by one Den-
nis Gatewood, for the purpose of applying the same for
the benefit of said Dennis Gatewood, and to have said
watch mended and to be returned to the said Dennis
Gatewood in a few days, did then and there fraudu-
lently convert the same to his, the said Isaac Williams'
own use," etc.    The defendant demurred to this as in-
sufficient, because it did not charge for what benefit to
Gatewood the watch was entrusted by him to defend-
ant; and the demurrer was overruled.

At the trial, Gatewood testified that the watch en-
trusted was worth $20, and was bought by him for his
minor son; that he lent it to defendant to wear at a din-
ner, on a promise by the latter that, if this was done, he
would have it mended and return it to Gatewood; and
that defendant asked him what he would take for the
watch, and he replied that he would take 150 pounds
of meat, but they did not trade, and Gatewood never re-
ceived any meat or money from defendant.    Another
witness testified that he saw a double-case silver watch
in defendant's possession, and defendant said he took it

for a debt.   A third testified that defendant pawned a double-case silver watch to him for the loan of seventy-five cents, and after keeping it about three months, he sold it for three dollars; and that defendant never came back to claim the watch, but in the succeeding autumn asked him not to say anything about it.   He further testified that the reason he sold it for three dollars was because it was out of fix and he only wanted the value of his money.

A witness for the defendant swore that he saw defendant give four pounds of meat to Gatewood for the watch.   Another testified that defendant got $2 from him about June 4; that he also gave him some meat, in the presence of the witness just mentioned; and that defendant had worked for him "off and on" about eleven years, and (as to his character) he had no trouble with him—he was a good hand to work.   The defendant stated that he bought the watch from Gatewood and gave him two dollars for it the same day, and afterwards Gatewood came to him and got four pounds of meat.   "He sold me the watch in a trade.   I paid him that on it; that is the way he told me to let him have it along.   I paid him just like he said.   He sold me the watch."

After verdict of guilty, the defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence, and because "the court erred in not quashing said indictment and demurrer, because said indictment was too general and did not charge for what benefit said property was entrusted."   The motion was overruled; and the exceptions were, (1) that the court erred in overruling the demurrer, and (2) that he erred in refusing to grant a new trial.

L. J. BLALOCK and J. A. ANSLEY, for plaintiff in error.

C. B. HUDSON, solicitor-general, for the State.